## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SIDNEY COOLBAUGH,                         :

      Petitioner                          :

                         :

      v.                                  :          3:13-CV-02475

                         :

THERESA DELBALSO, et al.,                 :      (Judge Nealon)

                         :

      Respondents                         :

FILED
SCRANTON
NOV 1 3 2014
PER _____
DEPUTY CLERK

### MEMORANDUM

Petitioner Sidney Coolbaugh has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking a sentence imposed by the Court of Common Pleas for Wyoming County, Pennsylvania. (Doc. 1). For the reasons set forth below, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

### I.   Background

The following background is taken from the Court of Common Pleas of Wyoming County's December 14, 2012 Opinion in support of the Order dated July 23, 2012, dismissing Coolbaugh's Post Conviction Relief Act ("PCRA") petition as untimely. (Doc. 11, Attachment B).

> On June 17, 1977 Defendant Sidney Coolbaugh (hereinafter, "Coolbaugh"), date of birth March 13, 1958 and then nineteen (19) years of age and Eugene McGuire (hereinafter, "McGuire"), then seventeen (17) years of age, were charged with homicide, generally, robbery, theft, burglary and criminal conspiracy, together with Robert

> William Lobman.  Coolbaugh and McGuire pled guilty on September 30, 1977 to an open count of homicide, with an agreement that the penalty would not rise above second-degree murder.  All other charges were dismissed.  A "degree of guilt" hearing was held pursuant to Rule of Criminal Procedure 319 on November 1 and 2, 1977.
>
> . . .
>
> Following the degree of guilt hearing the late Honorable Roy A. Gardner, noting that no mitigation evidence was presented, found McGuire and Coolbaugh guilty of second degree murder.  McGuire and Coolbaugh were sentenced on March 8, 1978 to the mandatory sentence of life in prison without the possibility of parole.

Id.  By Memorandum Opinion dated August 8, 2013, the Pennsylvania Superior Court affirmed the dismissal of Coolbaugh's PCRA Petition as untimely.  (Doc. 11, Attachment C).

On September 30, 2013, Coolbaugh filed the above-captioned petition for writ of habeas corpus.  (Doc. 1).  He raises two grounds for relief: (1) his trial counsel was constitutionally ineffective, and (2) a sentence of life imprisonment without parole for persons of his mental capacity constitutes cruel and unusual punishment.  Id.

On October 17, 2013, this Court noted the possibility that Coolbaugh's petition was barred by statute of limitations, and issued a Show Cause Order directing Respondents to submit a response concerning the timeliness of the habeas petition and any applicable tolling.  (Doc. 4).  On February 6, 2014, Respondents filed a response arguing that the petition is time barred.  (Doc. 11).  Coolbaugh

filed a traverse on March 11, 2014 arguing in favor of the timeliness of his petition.

(Doc. 14).

## II. Discussion

### A. Petition is Statutorily Time-Barred

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §

2254 must adhere to the statute of limitations provided in the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), which provides:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Consequently, the one-year statute of limitations for filing a habeas corpus petition

begins to run when direct review processes are concluded.  See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

Section 2244(d)(2) tolls the statute of limitations only for the time during which a "properly filed application" for post conviction relief is pending in state court.  A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing.  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  An application is "pending" during the time during in which a petitioner may seek discretionary state court review, whether or not such review is sought.  Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).  Consequently, a petition that is not filed in a timely manner does not toll the statute of limitations.  Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

On March 8, 1978, Coolbaugh was sentenced to life in prison without the possibility of parole; he did not file a direct appeal within thirty (30) days of the imposition of that judgment as required by the Pennsylvania Rules of Appellate Procedure, Rule 903 (c)(3).  Therefore, Coolbaugh's judgment of sentence became final on April 7, 1978.  However, because his conviction became final before the effective date of the AEDPA, Coolbaugh had until April 24, 1997, one (1) year from the effective date of the enactment of the AEDPA, to file a habeas corpus petition.  See Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998).  Coolbaugh

did not file a petition between April 24, 1996 and April 24, 1997, and consequently the petition for habeas corpus relief is barred by the statute of limitations unless subject to statutory or equitable tolling.

## B.   Tolling Procedures

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003); 28 U.S.C. § 2244(d). Therefore, Coolbaugh's petition must be examined to determine if principles of statutory or equitable tolling would result in his petition being timely filed.

## 1.   Statutory Tolling

Here, statutory tolling does not operate to extend the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). Coolbaugh acknowledges that, on its face, his petition was not filed in a timely manner, (Doc. 14), but argues that the tolling provision of 28 U.S.C. § 2244(d)(1)(C) extended the statute of limitations. Id.

Coolbaugh asserts that the United States Supreme Court in Miller v. Alabama, 132 S.Ct. 2455 (2012), created a new rule of federal constitutional law of retroactive application that is relevant to his case. (Doc. 14). In Miller, the Supreme Court announced that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishment.'" Id. at 2460.

In so holding, the Supreme Court recognized that juveniles are "constitutionally different from adults for purposes of sentencing" due to their diminished culpability and greater prospects for reform. Id. at 2464. The holding relied heavily upon science and social science in reaching that conclusion. Id. The Court noted that juveniles are less developed in "parts of the brain involved in behavioral control" and therefore demonstrate greater "transient rashness, proclivity for risk, and inability to assess consequences[.]" Id. at 2464-65.

Coolbaugh acknowledges that he was an adult at the time he committed the relevant crime. (Doc. 14). However, he argues that the underlying science relied upon by the Supreme Court applies equally to an individual that is nineteen (19) years of age. Id. The Supreme Court did not extend its rationale or holding beyond application to juveniles, and by its plain language the Court excluded application of its holding to individuals above the age of seventeen (17). Miller, 132 S.Ct. at 2460. Thus, district courts within the Third Circuit have routinely rejected arguments that Miller granted any new constitutional protections to individuals eighteen (18) years of age or older. E.g., Pritchard v. Wetzel, No. CIV.A. 13-5406, 2014 WL 199907, *3 (E.D. Pa. Jan. 16, 2014) (collecting cases). Based upon the plain language employed by the Supreme Court in Miller, 132 S.Ct. at 2460, no new constitutional right was created that would be applicable to Coolbaugh, who was nineteen (19) years of age at the time of his crime.

Consequently, no grounds exist upon which to toll the statute of limitations.

Additionally, Coolbaugh does not allege that any state action prevented the timely filing of his habeas action as required by 28 U.S.C. § 2244(d)(1)(B). He has also failed to make a showing that the factual predicate of his claims was not discoverable through the exercise of due diligence long ago. 28 U.S.C. § 2244(d)(1)(D). Finally, while the statute of limitations is statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending, see 28 U.S.C. § 2244(d)(2), the underlying PCRA was not timely filed, and thus cannot form the basis of any statutory tolling. (Doc. 11, Exhibits B, C).

## 2.   **Equitable Tolling**

The AEDPA's statute of limitations may be tolled "when the principles of equity would make the rigid application of a limitation period unfair." Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003)) (internal quotation marks omitted). See also Holland v. Florida, 560 U.S. 631, 645 (2010).

To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). The Third Circuit Court of Appeals has identified three (3)

circumstances in which equitable tolling is warranted: (1) the respondents "actively misled" the petitioner, (2) the petitioner was "in some extraordinary way" prevented from asserting his or her rights, or (3) the petitioner has mistakenly, but timely, asserted his or her rights in an incorrect forum. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (quoting Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)). The petitioner bears the burden of demonstrating that equitable tolling is warranted. Pace, 544 U.S. at 418.

The Third Circuit Court of Appeals has cautioned that "a court should be sparing in its use of" equitable tolling. Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013). Furthermore, equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). There are no bright lines in determining when equitable tolling is warranted, and courts should "favor flexibility over adherence to mechanical rules." Ross, 712 F.3d at 799 (citing Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011); Holland v. Florida, 130 S.Ct. 2549, 2563 (2010)).

The principles of equitable tolling are inapplicable to the instant petition. First, Coolbaugh does not allege that he has been actively misled by Respondents, and the record reflects no basis for the argument. See (Doc. 14). Second, there is no allegation that Coolbaugh was prevented in any extraordinary manner from

exercising his rights.  Id.  Finally, Coolbaugh has never asserted his rights in the wrong forum.  Id.  The record is devoid of any indication that equitable tolling is warranted.  Consequently, the habeas petition is barred by the statute of limitations.

## III.   Certificate of Appealability.

When a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should be issued if "jurists of reason" would find that: (1) it is debatable whether the petition states a valid claim for the denial of a constitutional right, and (2) it is debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Given the procedural history and the clear language of the Supreme Court in Miller, 132 S.Ct. at 2460, reasonable jurists could not disagree that Coolbaugh's petition is time-barred, and that neither statutory nor equitable tolling apply.  As a result, a certificate of appealability will not be issued.

## IV.   Conclusion

A review of the record reveals that Coolbaugh has not filed his petition for a writ of habeas corpus in a timely manner and the petition will be dismissed.

A separate order will be issued.

Dated: November 12, 2014                          United States District Judge